Wilde & Associates, LLC.
GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
7473 W. Lake Mead Blvd. #100
Las Vegas, NV 89128
Phone (702) 562-1202
greg@wildelawyers.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

URSULA LICHTENSTEIN,

     Debtor.

Case No.  25-10340-nmc

Chapter 13

Date of Hearing:

Time of Hearing:

### MOTION TO HOLD CREDITOR *LAS VEGAS JAYCEES SENIOR CITIZEN MOBILE HOME PARK* IN CONTEMPT  FOR VIOLATION OF THE AUTOMATIC STAY UNDER §362(a) AND FOR ACTUAL DAMAGES, EMOTIONAL DISTRESS DAMAGES, PUNITIVE DAMAGES AND ATTORNEY FEES

COMES NOW, the Debtor URSULA LICHTENSTEIN , by and through her counsel, and files this MOTION TO HOLD CREDITOR *LAS VEGAS JAYCEES SENIOR CITIZEN MOBILE HOME PARK* IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY UNDER §362(a) AND FOR ACTUAL DAMAGES, EMOTIONAL DISTRESS DAMAGES, PUNITIVE DAMAGES AND ATTORNEY FEES stating as follows.

## I.  STATEMENT OF FACTS

Debtor is a seventy-seven (77) year old single woman living solely on social security.  She currently resides in her 1994 Champion, Infinity I, Manufactured Home.

Creditor Las Vegas Jaycees Senior Citizen Mobile Home Park ("JAYCEES") is a non-profit entity that owns a manufactured home community located at 505 West Harmon Avenue, Las Vegas, Nevada 89103. (Hereinafter "Park").

Debtor is a resident at the Park and her manufactured home occupies Space #305. (Hereinafter "Premises").

ROBERT DEKEN, acted as an agent and representative for JAYCEES as the Park manager as detailed hereinafter. (Hereinafter "MANAGER").

LIEN ON ME SISTER, located at 6130 W. Flamingo Road, #1456, Las Vegas, Nevada 89103, also acted as an agent and representative for JAYCEES in the processing of liens as detailed hereinafter. (Hereinafter "LIEN COMPANY").

JAYCEES commenced eviction proceedings against Debtor in March 2024, claiming that her actions violated the lease agreement and Park rules.

The Las Vegas Justice Court held a two day bench trial in the eviction matter on October 23, 2024, and November 12, 2024, taking the matter under advisement.

On December 17, 2024, the Justice Court issued minutes finding that Debtor was a nuisance in the Park and that a Writ of Restitution should be issued.

On January 2, 2025, the Justice Court entered formal Findings of Fact and Conclusions of Law, staying the issuance of the Writ for five judicial days.

On January 8, 2025, the Justice Court issued a Permanent Writ of Restitution ordering that the Premises be restored to JAYCEES.  However, the Justice Court **had not** entered a final order of judgment up until this time. A copy of the Permanent Writ of Restitution is attached as Exhibit "1".

On January 21, 2025, Debtor filed these Chapter 13 proceedings and remains in possession of the mobile home and premises at the time of filing this motion.

1
2
3
4
5
6
7

    On January 27, 2025, JAYCEES filed an emergency MOTION FOR ORDER FINDING AUTOMATIC STAY DOES NOT APPLY TO PERMANENT WRIT OF POSSESSION ISSUED PRIOR TO THE BANKRUPTCY PETITION OR ALTERNATIVELY, FOR ORDER LIFTING AUTOMATIC STAY  seeking *possession* of the Premises, or in other words, that the Debtor be removed from the Park pursuant to the Writ of Restitution. (*Hereinafter "MFR).  (See Docket No. 8).*

8
9
10

    Shortly thereafter, counsel for JAYCEES asked Debtor's counsel to agree to vacate the automatic stay so that the 1) costs and disbursements could be determined (monetary amount), and, 2) take the ***"steps necessary to ensure that a judgment is attached"***.

11
12
13
14
15

    On February 6, 2025, via email, Debtor graciously agreed to vacate the stay for the sole purpose of determining the ***monetary amount*** but undersigned counsel explained in a comprehensive email that allowing a judgment or lien to attach would be in direct violation of the automatic stay.  *(See exhibit "2").*

16
17
18
19
20
21
22

    This email also warned counsel for JAYCEES that its park manager, ROBERT DEKEN, was violating the automatic stay by stirring up the Nevada State prosecutor and judiciary in the ***"continuation, ………, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title"***.  *See 11 USC 362(a)(1)."*  *(See exhibit "2").*

23
24
25
26
27

    MANAGER was in attendance at the Debtor's preliminary arraignment  hearing wherein the criminal court judge told the Debtor that she had to *"turnover the mobile home"*.  The judge could not have known about the eviction situation without having been informed and persuaded by a representative of the JAYCEES.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Despite the warning, MANAGER continued to harass the Debtor by calling and telling her if she paid, she could stay in the Park.  When the Debtor asked how much, he would not provide an amount and ultimately claimed that the management company was in *"charge now"*.

MANAGER also called and commented that he could *"pick this place up cheap"* referring to her manufactured home and that she would *"have to do a fire sale"*.

On another occasion, MANAGER called and stated;  "*I have received thirty-six (36) phone calls today asking me why you are still here, making me look bad."*

The Debtor has kept a phone log of the number and dates of the incoming calls from MANAGER and will provide the same to the Court.  She is also signing a Declaration in support of this motion in support of the relief requested.

On February 18, 2025, the Court heard argument on the JAYCEES' MFR and made a *very limited* ruling that the Debtor would need to vacate the premises.  Counsel for the parties could not agree upon the language of a proposed order and submitted dueling orders on February 24, 2025.  The Court has yet to decide which version to adopt.

The following portions of both orders were not in dispute and allowed for the stay to be vacated;

> ….. **solely for the purpose of executing on the Permanent Writ of Possession** issued by the Las Vegas Justice Court in Case No. 24C008342.
> …
>      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that **eviction proceedings shall be limited to removing the Debtor from the real property** located at **505 West Harmon Avenue, Space #305, Las Vegas, Nevada 89103** and **securing the manufactured home on that real property,** subject to the Debtor's right to obtain access to the manufactured home so that the manufactured home can be sold.

*(See exhibit "3").*

Despite JAYCEES 1) having retained learned counsel, 2) knowing about this bankruptcy,

4

3) being educated, as well as warned, about the automatic stay, and 4) being knee deep in prolonged controversy with this Debtor, the JAYCEES willfully, purposely, and maliciously violated the automatic stay as detailed herein.

## II. <u>STAY VIOLATION</u>

The automatic stay is a fundamental protection for a debtor by providing a breathing spell from creditors. It emphatically stops all collection efforts, harassment, and continuing of almost all state court civil matters. It provides a debtor the opportunity to attempt a repayment or debts, propose a reorganization plan, or simply be relieved of the financial pressures that drove him or her into bankruptcy. *See H.R. 989, 95 Cong. 2d Sess. 54-55 (1978).*

The Ninth Circuit has recognized the automatic stay as *"one of the most important protections in bankruptcy law."* <u>Sternberg v. Johnston</u>, 595 F.3d 937, th 943 (9 Cir. 2010), cert. denied, 131 S.Ct. 102, 178 L.Ed.2d 29 (2010)

    11 USC  §362(a) provides for a stay of

(1) the commencement or continuation, …, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, … ;
…
(3) any act to …exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

*Id.* at sections 1, 3, and 4.

The MANAGER's harassing phone calls, on behalf of JAYCEES, are in violation of the automatic stay  for they are malicious acts taken in continuation of a judicial action, exercising control of property of the estate, and collecting on a claim that arose before the commencement of Debtor's case.

Further, on February 18, 2025, MANAGER, as agent for and acting on behalf of JAYCEES, processed a **"Notice of 108 Lien"** with the Department of Business and Industry Nevada Housing Division-Manufactured Housing, against Debtor and her manufactured home.  *(See exhibit "4").*

MANAGER signed the lien notice knowing about the bankruptcy filing because his counsel has been warned and he specifically listed this court as a recipient of the notice, also including the Debtor's bankruptcy number on it.

Adding insult to injury, MANAGER maliciously backdated the lien notice by claiming the *"unpaid storage"* began on January 1, 2025, contrary to the  terms of the  "Mobile Home Lot Rent/Storage Agreement Lease Addendum" signed by the Debtor.

Attached as exhibit "5" is a copy of the addendum which provides that storage charges do not begin until a resident moves out or is "evicted".  Neither of which has happened as of the date of the filing of this motion. *Id. at section B.*

As a result, the notice of lien not only violates the automatic stay, it intentionally provides a false lien amount of $1,493.72 resulting in a slander of title, further demonstrating the maliciousness of the MANAGER acting on behalf of JAYCEES.

The Debtor filed this bankruptcy proceeding to obtain a window of time to sell the manufactured home in order to move somewhere else.  She is currently entertaining offers and there is no way to know how many potential buyers have been scared away by the issuance of the lien.  Discovery will be needed to assess the damage.

LIEN COMPANY also  knowingly, purposely, and maliciously participated in the processing of the lien and violation of the stay.  It should be held to a higher standard by purporting to be an expert in the issuance of liens.  It cannot claim ignorance of the bankruptcy protection afforded

6

Debtor  for it included this court as a recipient of the notice and included the Debtor's

bankruptcy case number.

The Debtor has suffered from extreme anxiety, distress, and emotional damage caused by the

receipt of the notice of lien via certified mail.  She became very frightened by the threatening

acts in the notice detailed below. She does not have the financial means to battle against

JAYCEES and LIEN COMPANY.

Only after being able to speak with undersigned counsel a few days later, and meeting with a

therapist, can she control her emotions somewhat.

The lien notice demands payment of the false amount by May 30, 2025, with the warning

that:

> Unless this amount is paid within the time specified, the above-described manufactured
> home, … shall be advertised for sale, and sold by auction at a time and place to be
> specified pursuant to the provisions of NRS 208.267 to 108.360, inclusive, to satisfy
> the lien in the amount claimed therein, together with any further claims that may accrue
> And all costs of enforcing the lien.

*(See exhibit "4", page 2, first paragraph).*

The language of the lien goes on with financially crushing and highly technical  language for

anyone unfamiliar with legal procedures, let alone an elderly woman in bankruptcy.  This

language is very fearful to the Debtor and purportedly puts the burden on her to contest the lien,

facing an award of attorney fees if the challenge fails.

> You may contest the validity of the lien by filing a Notice of Opposition in the Justice Court
> on the form provided by the Justice Court, or you may use another legal procedure
> available to you (see NRS 108.350).  (The procedures for contesting this lien are set forth
> in NRS 108.350 and NRS 108.355, reprinted below,)

> If you challenge the lien by court process, including the Justice Court process, and lose,
> the court could order that you pay for the other side's attorney.  If that happens such
> attorney's fees can be added to the lien amount that you have to pay.

*(Id. at page 2, second and third paragraphs).*

There is no question that JAYCEES and LIEN COMPANY have willfully, purposely, and maliciously violated the automatic stay as prohibited by 11 U.S.C. §362(a) sections (1), (3), (4) and (6). In fact, JAYCEES' violations came after warnings and despite being represented by learned counsel.

Notably is the pattern and practice of MANAGER to harass the Debtor with no reason except to bury her financially and emotionally. All to push her out of the Park and prey on the possible acquisition of her manufactured home.   All of which is a continuation of the eviction proceeding started almost a year ago including the collection of debt by way of a lien.

### III. DEBTOR IS ENTITLED TO ACTUAL, EMOTIONAL DISTRESS, AND PUNITIVE DAMAGES

Once the stay is violated, if a debtor can prove the acts were "willful", it is mandatory that the debtor be awarded actual damages, including costs and attorneys' fees, with the Court having discretion to award punitive damages in certain circumstances.  11 U.S.C. § 362(k) provides;

> (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section ***shall recover actual damages, including costs and attorneys' fees***, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

(Emphasis added).

A creditor commits a willful violation of the automatic stay if it knows of the stay and its actions that violate the stay are intentional. Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2002).

8

The Ninth Circuit elaborated on the term "willful" in the context of 11 U.S.C. § 362(h). In re Pinkstaff, 974 F.2d 113(9th Cir. 1992).

> A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that if had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded.

Id at 115. See also In re Bloom, 875 F.2d 224, 227 (9th Cir. 1989); In re Carroll, 903 F.2d 1266, 1272 (9th Cir. 1990)

The fact that the JAYCEES may argue it acted in good faith when violating the automatic stay is not a defense. In re Stainton, 139 B.R. 232 (9th Cir. BAP 1992). "The plain language of the statute requires that the injured party be awarded the entire amount of actual damages reasonably incurred as a result of a violation of the automatic stay. Under the circumstances of this case, allocating a portion of the actual damages as an expense to be borne by the bankruptcy estate is inconsistent with the plain language of the statute." Stainton at 234-235. See also In re Bulson, 117 B.R. 537 (9th Cir.BAP 1990).

Debtor is entitled to damages consisting of her travel time, travel costs, therapy costs, and slander of title for the false lien amount, in addition to continued damages to be proven at an evidentiary hearing.

Debtor is also entitled to damages for emotional distress since she "has (1) suffer[ed] significant harm, (2) clearly establish[ed] the significant harm, and (3) demonstrate[d] a causal connection between the significant harm and the violation of the automatic stay." In re Dawson, 390 F.3d 1139, 1149 (9 Cir. 2004).

Even though her actual damages may be arguably low[1], both the Supreme Court and the Ninth Circuit allow emotional distress damages in nonpecuniary situations. Cummings v. Premier Rehab Keller, P.L.L.C., 596 U.S. 212, 227 (2022) *(emotional distress damages are typically awarded "where the injury entails more than a pecuniary loss);* Federal Aviation Administration v. Cooper, 566 U.S. 284, 302 (2012) *(referring to "mental and emotional harm" as "nonpecuniary").* Proof of pecuniary loss is not required for an award of emotional distress damages. See Dawson at 1149 (9th Cir. 2004).

In the instant case, Debtor has suffered needless anxiety, insomnia, and stress over the fear of losing her manufactured home and defending the wrongful lien.

Section 362(k) provides for punitive damages "in appropriate circumstances." In re Snowden, 769 F.3d 651, 657 (9th Cir. 2014). "An award of punitive damages requires "some showing of reckless or careless disregard for the law or rights of others." Id., quoting In re Bloom, 875 F.2d 224, 228 (9 Cir. 1989). The conduct of the MANAGER, as allowed by JAYCEES on their behalf, is a complete reckless and careless disregard for both the law and the Debtor's rights warranting punitive damages.

Various awards of punitive damages have been ordered for various acts in violation of the automatic stay. See In re Marino, 577 B.R. 772 (9 Cir. B.A.P. 2017) *($119,000 in damages)*, In re Adrus, 189 B.R. 413 (N.D. Ill.1995)*(calling on phone);* In re Burke 200 B.R. 282 (Bankr. S.D. Ga. 1996)*(collection letter).* Debtors in similar circumstances warrant an award of actual damages, emotional distress damages and attorney's fees. See In re Curtis, 322 B.R. 470 (Bankr.D.Mass 2005)*(debtor awarded $15,000 emotional distress damages and $30,000 punitive damages)*; In re Atkins, 279 B.R. 639 (Bankr.N.D.N.Y. 2002) *($30,000 emotional distress);* In re

---

[1] Monetary amounts are relative to one's income and monetary worth. The actual damage amount may seem low to some but they are monumental to this Debtor.

Gervin, 337 B.R. 854, 864 (Bankr.W.D. Tex.2005) *($25,000 emotional distress damages);* In re McCormak 203 B.R. 521 (Bankr. D.N.H. 1996) *(mortgage bank held liable for $10,000 in punitive damages).*

### IV. **CONCLUSION**

There can be no dispute that JAYCEES and LIEN COMPANY knew of the bankruptcy and intentionally violated the automatic stay.  Debtor is therefore entitled to actual damages as well as attorney fees.  Additional damages are ongoing and will be proved at an evidentiary hearing.

As demonstrated above, the conduct of the MANAGER demonstrates malicious violation of the automatic stay warranting both emotional damages and punitive damages in an amount to be proven at an evidentiary hearing. The Debtor has also suffered from severe anxiety, lack of sleep, humility, and general fear of losing her manufactured home to auction.

WHEREFORE, Debtor respectfully requests an order finding that;

1) JAYCEES and LIEN COMPANY are in violation of the automatic stay,

2) The Notice of Lien is void abinitio and should be stricken,

3) Debtor has been damaged and is entitled to reimbursement for actual damages in an amount to be proven at a future evidentiary hearing.

4) Debtor has suffered emotional distress and is entitled to an award of damages in an amount to be proven at a future evidentiary hearing.

5) JAYCEES and LIEN COMPANY maliciously violated the stay and are subject to punitive damages such that they are punished in an amount to send a message to other creditors that such conduct is improper.

6) Debtor is entitled to an award of attorney fees and costs.

///

///

11

7)  For any other relief this Court deems appropriate.

Dated this 5th day of March 2025.

WILDE & ASSOCIATES, LLC.

__*/s/ Gregory Wilde*_____
Gregory L. Wilde, Esq.
Counsel for Debtor

EXHIBIT "1"

FILED

1  John T. Steffen (4390)
2  Todd W. Prall (9154)
   HUTCHISON & STEFFEN, PLLC
3  10080 West Alta Drive, Suite 200
   Las Vegas, NV 89145
4  Tel:    (702) 385-2500
   Fax:    (702) 385-2086
5  jsteffen@hutchlegal.com
6  tprall@hutchlegal.com

7  *Attorneys for Plaintiff*

2025 JAN 13 P 1:02

JUSTICE COURT
LAS VEGAS, NEVADA
BY_____
        DEPUTY

### JUSTICE COURT OF LAS VEGAS TOWNSHIP

### CLARK COUNTY, NEVADA

| | |
|---|---|
| Las Vegas Jaycees Senior Citizens Mobile Home Park, | Case No. 24C008342<br>Dept No. 6 |
| Plaintiff, | PERMANENT WRIT OF RESTITUTION |
| v. | |
| Ursula Lichenstein, and all other tenants in possession, | |
| Defendant | |

THE STATE OF NEVADA:

TO: THE SHERIFF OR CONSTABLE OF CLARK COUNTY, NEVADA:

GREETINGS:

WHEREAS, Plaintiff, at a court of inquiry of an unlawful holding over of lands and other

possessions, held in the Justice's Court of Las Vegas Township, County of Clark, State of Nevada,

on October 23, 2024, and November 12, 2024, before me, a Justice of the Peace for Clark County, by

the consideration of the court, has recovered judgment against defendant Ursula Lichenstein, and any

other tenant in possession, to have restitution of the premises known as 5805 West Harmon Avenue,

Las Vegas Township, Nevada, Space No. 305 (the "Premises").

24C008342
PWRTRG
Permanent Writ of Restitution Issued
17810788

1

(01021289)

1    YOU ARE THEREFORE COMMANDED that, taking with you the force of the county, if

2    necessary, you cause Ursula Lichenstein, and any other tenant in possession, to be immediately

3    removed from the premises, and the Plaintiff to have immediate restitution of the premises; and you

4    are

5    FURTHER ORDERED, ADJUDGED, and DECREED that the permanent writ of restitution

6    is stayed for five judicial days from the date this order is entered with the Court.

7

8    DATED this  8th  day of  January  ,  2025

9    _____
     JUSTICE OF THE PEACE

10   Submitted by:

11   HUTCHISON & STEFFEN, PLLC

12

13   _____
     John T. Steffen

14   Todd W. Prall
     10080 West Alta Drive, Suite 200

15   Las Vegas, Nevada  89145
     Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27                                           2

28                                                          (01021289)

EXHIBIT "2"

**From:** Gregory Wilde <greg@wildelawyers.com>
**Sent:** Thursday, February 6, 2025 4:05 PM
**To:** Todd W. Prall <TPrall@hutchlegal.com>; Bobbie Benitez <bbenitez@hutchlegal.com>
**Cc:** Cindy Simmons <csimmons@hutchlegal.com>
**Subject:** RE: In re Ursula Lichtenstein, Case No. 25-10340-nmc

Todd:

Below is a paragraph lifted from your letter.  The paragraph essentially contains three (3) requests;

*We therefore request that you agree to lift the automatic stay to allow the judgment be entered on the costs and disbursements and allow Jaycees to take those steps necessary to ensure that the judgment is attached to the manufactured home by way of a separate fraudulent transfer lawsuit*

My client **will agree** to lift the automatic stay for your client to liquidate the claim, or in other words, determine the monetary amount.  However, allowing your client to take the **"steps necessary to ensure that a judgment is attached"** would be preferential treatment and contrary to the bankruptcy code.  If you can provide me with a legal explanation to the contrary, please let me know.  Otherwise, my client **will not agree** to this second request.  Thirdly

By the way, a representative of your client, and various neighbors, appeared at the Debtor's criminal hearing this morning.  Someone representing you client has clearly violated the automatic stay because the judge told her she needed to turnover possession of the mobile home.  This is completely unrelated to the criminal allegations and demonstrates that your client has provided information to authorities in the **"continuation, ........., of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title"**.  See 11 USC 362(a)(1).  I am waiting to hear back from court personnel or the assigned detectives on the extent of this violation.





[redacted]

[redacted]

[redacted]

Regards,
Greg

***Gregory L. Wilde, Esq.****
Wilde & Associates, LLC
7473 W. Lake Mead Blvd. Suite 100
Las Vegas, NV 89128
702-562-1202
**Licensed in both Nevada (#4417) and Utah (#6151)*

EXHIBIT "3"

John T. Steffen (4390)
Jeffrey R. Hall (9572)
Todd W. Prall (9154)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Plaza
10080 Alta Drive No. 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
email: jhall@hutchlegal.com

Attorneys for Las Vegas Jaycees
Senior Citizen Mobile Home Park

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 25-10340-nmc |
| | Chapter 13 |
| URSULA LICHTENSTEIN, | |
| Debtor. | |

### ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter having come on for hearing on February 18, 2025, at 2:00 p.m., and having

been properly noticed, the Creditor, Las Vegas Jaycees Senior Citizen Mobile Home Park,

represented by Jeffrey R. Hall and Todd W. Prall of the law office of Hutchison & Steffen, PLLC

and Debtor represented by Gregory L. Wilde, of the law office of Wilde & Associates, LLC,

Debtor's Opposition was filed on February 13, 2025, and good cause appearing as stated on the

record of the Court and for reasons set forth on the record of the Court:

~~THE COURT FINDS that the automatic stay under 11 U.S.C. § 362 does not apply to the Permanent Writ of Possession issued by the Las Vegas Justice Court in Case No. 24C008342 on January 8, 2025.~~

THE COURT FURTHER FINDS that, to the extent the stay might apply, cause exists to lift the automatic stay under 11 U.S.C. § 362(d)(1) solely for the purpose of executing on the Permanent Writ of Possession issued by the Las Vegas Justice Court in Case No. 24C008342.

~~THE COURT FURTHER FINDS that, to the extent necessary, cause exists to lift the automatic stay under 11 U.S.C. § 362(d)(2) because the leased space in question is not necessary to effective reorganization.~~

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the automatic stay imposed by 11 U.S.C. § 362 is modified to allow Las Vegas Jaycees Senior Citizen Mobile Home Park to pursue state law remedies against Debtor to take possession of the real property located at **505 West Harmon Avenue, Space #305, Las Vegas, Nevada 89103** through eviction proceedings against the Debtor subject to the contents of this order.

IT IS FURTHER ORDERED, ADJUGDED AND DECREED that eviction proceedings shall be limited to removing the Debtor from the real property located at **505 West Harmon Avenue, Space #305, Las Vegas, Nevada 89103** and securing the manufactured home on that real property, subject to the Debtor's right to obtain access to the manufactured home ~~thru a duly authorized agent or broker~~ so that the manufactured home can be sold.

| Submitted by: | Approved as to Form and Content: |
|---|---|
| HUTCHISON & STEFFEN, PLLC | WILDE & ASSOCIATES, LLC |
| */s/ Jeffrey R. Hall* | ~~*/s/ Gregory L. Wilde*~~ |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| John T. Steffen (4390)<br>Jeffrey R. Hall (9572)<br>Todd W. Prall (9154)<br>Peccole Professional Plaza<br>10080 Alta Drive No. 200<br>Las Vegas, Nevada 89145<br><br>Attorneys for Las Vegas Jaycees<br>Senior Citizen Mobile Home Park | Gregory L. Wilde (4417)<br>7473 West Lake Mead Boulevard, #100<br>Las Vegas, Nevada 89128<br><br>*Attorneys for Ursula Lichtenstein* |

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

**_____** No party appeared at the hearing or filed an objection to the motion.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

___ I certify that this is a case under Chapter 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

/s/ Jeffrey R. Hall

_____
Jeffrey R. Hall, Esq.
Attorney for Creditor

EXHIBIT "4"





DEPARTMENT OF BUSINESS AND INDUSTRY
## NEVADA HOUSING DIVISION – MANUFACTURED HOUSING
**1830 College Pkwy, #200, Carson City, Nevada 89706**; Phone: 775-684-2940
3300 W. Sahara Ave. #320, Las Vegas, Nevada 89102; Phone: 702-486-4135
Website: housing.nv.gov

## NOTICE OF 108 LIEN TL-108 (a)
MANUFACTURED HOME/ MOBILE HOME / COMMERCIAL COACH
Lien 108 is a legal process, and in accordance with NRS 7.285 the Division cannot provide legal advice. Please contact an attorney for instructions.

### PLEASE TYPE

### -IMPORTANT-
A landlord lien for unpaid rentals and utilities may not exceed $2,500 or the total amount due, whichever is less.  The Division will not accept a Notice of Lien from a landlord if the amount is more than $2,500.  Mail/Deliver to the Carson City Office with Fee of $60.00.

Email Address (required): jeanne@lienonmesister.com

Phone Number (required): 702-227-5722

TO Ursula Lichtenstein or Susan Browne
(Name of registered owner)

Address 5805 W Harmon Ave  #305     Las Vegas     NV              89103
Street Address                       City           State         Zip Code

TO Charles Michael McKinnon Jr
(Legal owner, if different from registered owner)

Address 10806 Maltese Falcon Ave     Las Vegas     NV         89129
Street Address                       City           State      Zip Code

TO_____
(Person holding a security interest)

Address_____
Street Address                       City           State      Zip Code

TO_____
(Tenant or subtenant)

Address_____
Street Address                       City           State      Zip Code

TO United States Bankruptcy Court (Case #25-10340-nmc)
(Name of any other person known to have or to claim an interest in the Manufactured home, mobile home or commercial coach described below)

Address 300 Las Vegas Blvd South     Las Vegas     NV         89101
Street Address                       City           State      Zip Code

TO:  State of Nevada, Department of Business and Industry, Nevada Housing Division, Manufactured Housing
*PLEASE TAKE NOTICE THAT,*
Robert Deken                    of 5805 W Harmon Ave, Las Vegas, NV  89103              ,
(Name of lien claimant)                                    Address
Nevada, in his/her own behalf or on behalf of (Name) Las Vegas Jaycees Senior Citizens MHC a business whose
address is 5805 W Harmon Ave. Las Vegas. NV  89103            , and on whose behalf and in the capacity of
Property Manager                                 , claims a lien pursuant to the provisions of NRS 108.267 to
(Title or position)
108.360, inclusive, on the manufactured home, mobile home or commercial coach described as follows:
Year 1994          Make Champion                    Model Infinity II
Size 624" x 142"/612" x 142"      Serial No. 09946364387AB
The reason lien is claimed for  unpaid storage                    incurred by (Name) Ursula Lichtenstein
in the following amounts:
Rent: $_____ for period _____ to _____, became due on _____
Utilities: $_____ for period _____ to _____, became due on _____.
Charges for towing, storing, maintaining, keeping, or repairing a manufactured home, mobile home or commercial coach, or
for furnishing accessories, facilities, services or supplies therefore *(please describe)*:
storage
$$ 1,380.00                   became due on 1/1/25                    .
                                                 Date
Costs of lien *(Please describe)*: $104.04 (Filing $60; Notary $15; Postage $29.04)
Total Currently Due: $1493.72                    . In addition to this amount, a further claim may accrue as
follows: (Describe any amounts which may accrue after date of Notice of Lien and the rate at which they will accrue.)
storage $610/month plus late fees per statute
Demand is hereby made that the total amount of $$ 1,493.72                    together with any amount hereafter
accrued, be paid on or before 5/30/2025                    .
                  Date Specified Pursuant to NRS 108.272(4)
TL-108A (Rev. 03/2021)                                            Page 1 of 2

Unless this amount is paid within the time specified, the above-described manufactured home, mobile home or commercial coach shall be advertised for sale, and sold by auction at a time and place to be specified pursuant to the provisions of NRS 108.267 to 108.360, inclusive, to satisfy the lien in the amount claimed herein, together with any further claim that may accrue and all costs of enforcing the lien.

You may contest the validity of the lien by filing a Notice of Opposition in the Justice Court on the form provided by the **Justice Court**, or you may use any other legal procedure available to you (see NRS 108.350). (The procedures for contesting this lien are set forth in NRS 108.350 and NRS 108.355, reprinted below.)

If you challenge the lien by court process, including the Justice Court process, and lose, the court could order that you pay for the other side's attorney. If that happens such attorney's fees can be added to the lien amount that you have to pay.

_Signature_

**(For Notary use only)**

State of NEVADA    County CLARK

Subscribed and sworn to before me,

ROXANN NORBERG
_(Name of Notary Public)_

on this 18 day of FEB , 20 25
by ROBERT DEKEN

_(Printed name of party appearing before Notary)_

_Notary Public Signature_

ROXANN NORBERG
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 11-4350-1
Notary Stamp or Seal Appt. Expires 3-24-2027

***** NOTE:  This form must be completed in its entirety. *****

**In accordance with:**

<u>NRS 108.350</u> **Validity of lien may be contested; liability of claimant after sale.** Nothing contained in <u>NRS 108.270</u> to <u>108.367</u>, inclusive, precludes:

1. The owner of any motor vehicle, aircraft, motorcycle, motor or aircraft equipment, aircraft parts, trailer, recreational vehicle, mobile home or manufactured home; or

2. Any other person having an interest or equity in the property, from contesting the validity of the lien. All legal rights and remedies otherwise available to the person are reserved to and retained, except that, after a sale has been made to an innocent third party, the lien claimant is solely responsible for loss or damage occasioned the owner, or any other person having an interest or equity in the property, by reason of the invalidity of the lien, or by reason of failure of the lien claimant to proceed in the manner provided in those sections.

NRS 108.355 Contesting validity of lien on mobile home or manufactured home.

1. A person contesting the validity of a lien on a mobile home or manufactured home may file a notice of opposition to the lien in the justice court in whose jurisdiction the mobile home or manufactured home is located. The notice of opposition must be filed within 5 days after the person filing the notice receives the notice of sale by auction, must be made on a form provided by the clerk of the justice court and must include the facts supporting the notice. The person filing the notice shall serve certified copies of it upon the lien claimant and the Housing Division of the Department of Business and Industry.

2. Upon the filing of the notice of opposition to the lien, the justice of the peace shall schedule a hearing on the notice, which must be held as soon as practicable but not sooner than 5 days after service of the notice. The justice of the peace shall affix the date of the hearing to the notice and order that a copy be served upon the lien claimant within 5 days after the date of the order.

3. The justice of the peace shall either dismiss the objections to the lien claim, declare the lien invalid or declare the amount of the lien if it is different from that described by the lien claimant.

4. After receipt of a notice of opposition to a lien or other notice pursuant to any proceeding to contest the validity of a lien, the Housing Division of the Department of Business and Industry shall not transfer the title to the mobile home or manufactured home that is the subject of the lien until the matter has been adjudicated.

5. This section does not affect the rights of a secured party pursuant to <u>chapter 104</u> of NRS.

<u>NRS 108.2735</u> **Liens on mobile homes and manufactured homes: Expiration.** A lien asserted against a mobile home or manufactured home expires 1 year after it is filed with the Housing Division of the Department of Business and Industry.

<u>NRS 7.285</u>   **Unlawful practice of law; criminal penalties; initiation of civil action by State Bar of Nevada.**

1.   A person shall not practice law in this state if the person:

(a)  Is not an active member of the State Bar of Nevada or otherwise authorized to practice law in this state pursuant to the rules of the Supreme Court; or

(b)  Is suspended or has been disbarred from membership in the State Bar of Nevada pursuant to the rules of the Supreme Court.

2.   A person who violates any provision of subsection 1 is guilty of:

(a)  For a first offense within the immediately preceding 7 years, a misdemeanor.

(b)  For a second offense within the immediately preceding 7 years, a gross misdemeanor.

(c)  For a third and any subsequent offense within the immediately preceding 7 years, a category E felony and shall be punished as provided in <u>NRS 193.130</u>.

3.   The State Bar of Nevada may bring a civil action to secure an injunction and any other appropriate relief against a person who violates this section.

(Added to NRS by <u>1963, 385</u>; A <u>1999, 1333</u>)

EXHIBIT "5"

**Las Vegas Jaycees Senior Citizens Mobile Home Community**
**5805 Harmon Avenue**
**Las Vegas, Nevada 89103**
**(702) 364-4931**

## MOBILE HOME LOT RENT/STORAGE AGREEMENT LEASE ADDENDUM

A.  If the current resident passes away and there are no living Person(s) residing in the mobile home subject to the lease agreement, then the heir/responsible party shall be allowed three (3) months space rent at the then current space rent amount, chargeable to the deceased tenant, beginning the following month after the death. This continuing discounted three (3) month rent concession is to enable the heir/responsible party time to get decedent affairs in order and try to sell the home.  Should the home not sell during the allotted three (3) month period, the home will be placed on an elevated rent **Storage Agreement** for two (2) times the current space rent plus **One Hundred Dollars ($100.00)** and is due and payable on the first day of the month.  If the payment is received the closing of business on the fifth day of the month, a **Twenty-Five ($25.00)** late charge will be imposed.

B.  Should a resident chose to move out of the community and/or be evicted from the community, the person on the lease or the responsible party is then advised the elevated storage rent rate goes into effect immediately.  This being at the rate of two (2) times the current space rent plus **One Hundred Dollars ($100.00)** which is due on the first of the month, with late charges of **Twenty-Five ($25.00)** incurring following the close of business the fifth day of the month.  Failure to comply with the elevated rent Storage Agreement will result in the mobile home being subject to a Landlord Lien with all rent, late, and legal fees to be paid in full in order to reinstate the Storage Rent Agreement and have the Landlord Lien removed.

Date 6/27/18

Manager

Date 6-27-18

(Resident Signature)

Ursula Lichtenstein
(Print Name)

(Resident Signature)

(Print Name)