| | |
|---|---|
| 1 | Wilde & Associates, LLC. |
| 2 | GREGORY L. WILDE, ESQ.<br>Nevada Bar No. 4417 |
| 3 | 7473 W. Lake Mead Blvd. #100 |
| 4 | Las Vegas, NV 89128<br>Phone (702) 562-1202 |
| 5 | greg@wildelawyers.com<br>Attorney for Debtor |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

URSULA LICHTENSTEIN,

Debtor.

Case No. 25-10340-nmc

Chapter 13

Date of Hearing:

Time of Hearing:

**SECOND MOTION TO HOLD CREDITOR *LAS VEGAS JAYCEES SENIOR CITIZEN MOBILE HOME PARK* IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY UNDER §362(a) AND FOR ACTUAL DAMAGES, EMOTIONAL DISTRESS DAMAGES, PUNITIVE DAMAGES AND ATTORNEY FEES**

COMES NOW, the Debtor URSULA LICHTENSTEIN , by and through her counsel, and files this SECOND MOTION TO HOLD CREDITOR *LAS VEGAS JAYCEES SENIOR CITIZEN MOBILE HOME PARK* IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY UNDER §362(a) AND FOR ACTUAL DAMAGES, EMOTIONAL DISTRESS DAMAGES, PUNITIVE DAMAGES AND  ATTORNEY FEES stating as follows.

**I. PROCEDURAL FACTS**

Debtor is a seventy-seven (77) year old single woman living solely on social security. She previously resided in her 1994 Champion, Infinity I, Manufactured Home located at 505 West Harmon Avenue, Las Vegas, Nevada 89103. ("MOBILE HOME").

Creditor Las Vegas Jaycees Senior Citizen Mobile Home Park ("JAYCEES") is a non-profit entity that manages the manufactured home community where Debtor's MOBILE HOME is located. (Hereinafter "PARK").

ROBERT DEKEN, acts as an agent and representative for JAYCEES as the Park manager as detailed hereinafter. (Hereinafter "MANAGER").

LIEN ON ME SISTER, claims to be located at 6130 W. Flamingo Road, #1456, Las Vegas, Nevada 89103, and acted as an agent and representative for JAYCEES in the processing of liens as detailed hereinafter. (Hereinafter "LIEN COMPANY").

In March 2024, JAYCEES commenced eviction proceedings against Debtor claiming that her actions violated the lease agreement and Park rules.

On December 17, 2024, the Las Vegas Justice Court issued court minutes granting the JAYCEES' request for a Writ of Restitution.

On January 2, 2025, the Justice Court entered formal Findings of Fact and Conclusions of Law, staying the issuance of the Writ for five judicial days but **_had not_** entered an eviction order up to this point.

On January 21, 2025, Debtor filed these Chapter 13 proceedings before an eviction order was entered by the Justice Court.

On January 27, 2025, JAYCEES filed an emergency motion seeking *possession* of the Premises, or in other words, that the Debtor be removed from the Park pursuant to the Writ of Restitution. (*Hereinafter "MFR). (See Docket No. 8).*

This Bankruptcy Court held multiple hearings on the emergency motion seeking possession of the Premises but did not make a decision until its written order of May 12, 2025, narrowly vacating the stay;

2

>*… solely for the purpose of executing on the Permanent Writ of Possession* issued by the Las Vegas Justice Court in Case No. 24C008342.
>
>IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the automatic stay imposed by 11 U.S.C. § 362 is *modified to allow Las Vegas Jaycees Senior Citizen Mobile Home Park to pursue state law remedies against Debtor to take possession of the real property* located at 505 West Harmon Avenue, Space #305, Las Vegas, Nevada 89103 through eviction proceedings against the Debtor subject to the contents of this order.
>
>IT IS FURTHER ORDERED, ADJUGDED AND DECREED that eviction proceedings *shall be limited to removing the Debtor from the real property* located at 505 West Harmon Avenue, Space #305, Las Vegas, Nevada 89103 and securing the manufactured home on that real property, *subject to the Debtor's right to obtain access to the manufactured home so that the manufactured home can be sold.*

(See "Order Vacating Stay re: Possession" Docket No. 70, emphasis added).

Prior to the May 12, 2025 Order Vacating Stay re: Possession, on February 6, 2025, Debtor graciously agreed to vacate the stay for the *sole purpose* of determining the *monetary award from Justice Court i*n the form of a written order, without including any language as to the possession of the Premises, and warned the JAYCEES that anything further would be considered a violation of the automatic stay.

Despite the verbal and written warnings, JAYCEES, by and through MANAGER violated the automatic stay and harassed the Debtor by:

1) Attempting to collect pre-petition debt,

2) Threatening to auction the Debtor's Mobile Home, and

3) Filing a lien against Debtor's Mobile Home.

The above conduct was detailed in a previous motion to hold JAYCEES in contempt filed on March 6, 2025 (Document No. 32), with initial argument on April 8, 2025.

At the oral argument, the Court scheduled a one (1) day evidentiary hearing for August 13, 2025 to consider testimony on damages for the violations of the automatic stay.

3

After the initial contempt hearing on *April 8, 2025;* with the *August 13, 2025* evidentiary hearing pending; while the parties awaited the Court's decision on JAYCEES' motion to vacate the stay to gain possession of the Mobile Home; and *before* the Court issued its *May 12, 2025,* Order Vacating the Stay re: Possession; JAYCEES instructed the Constable to proceed with an eviction resulting in a lockout of the Debtor from her Mobile Home on *April 18, 2025.* (See exhibit "1").

The unlawful lockout was done without Bankruptcy Court permission, in violation of the automatic stay, and without any notice or warning of any kind. The violations of the automatic stay also included; 1) cutting off the realtor lock box on the premises, 2) seizing control of and damaging Debtor's personal property in the Mobile Home, and 3) continuing to assert liens on the property.

The unlawful lockout is the subject of this **Second Motion for Contempt.** Debtor is alerting the Court and JAYCEES of her intent to seek further damages at the August 13, 2025 evidentiary hearing for these subsequent violations of the automatic stay. This provides for greater judicial economy instead of holding multiple hearings on multiple violations of the automatic stay.

## II. STAY VIOLATIONS

The automatic stay is a fundamental protection for a debtor by providing a breathing spell from creditors. It emphatically stops all collection efforts, harassment, and continuing of almost all state court civil matters. It provides a debtor the opportunity to attempt a repayment or debts, propose a reorganization plan, or simply be relieved of the financial pressures that drove him or her into bankruptcy. *See H.R. 989, 95 Cong. 2d Sess. 54-55 (1978).*

The Ninth Circuit has recognized the automatic stay as *"one of the most important protections in bankruptcy law."* <u>Sternberg v. Johnston</u>, 595 F.3d 937, th 943 (9 Cir. 2010), cert. denied, 131 S.Ct. 102, 178 L.Ed.2d 29 (2010)

11 USC §362(a) provides for a stay of

(1) the commencement or continuation, …, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, … ;
…
(3) any act to …exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

<u>Id</u>. at sections 1, 3, and 4.

Like the previous violations of the automatic stay detailed in the initial Motion for Contempt, performing an unlawful eviction lockout without warning or court order is a *"continuation of judicial action"* in violation of the automatic stay as well as *"act to exercise control over property of the estate"*, namely the Mobile Home and the Debtor's personal property therein.

III. **<u>DEBTOR IS ENTITLED TO FURTHER DAMAGES</u>**

Debtor incorporates herein by reference the legal arguments of the First Motion for Contempt (Document No. 32) concerning damages and attorney fees.  The Court should award additional damages and attorney fees for the JAYCEES' continued violations of the automatic stay occurring after the initial contempt hearing.

IV. <u>**CONCLUSION**</u>

Since the JAYCEES sought this Court's permission to regain possession of the Mobile Home on an emergency basis and fervently defended a Motion for Contempt on April 8, 2025,  there

can be no dispute that it knew of the bankruptcy and intentionally violated the automatic stay by performing an eviction on April 18, 2025.

Further, as detailed herein, and will be further supplemented at trial, the conduct of the JAYCEES, by and through its MANAGER, demonstrates malicious violation of the automatic stay warranting both emotional damages and punitive damages in an amount to be proven at the August 13, 2025, evidentiary hearing.

WHEREFORE, Debtor respectfully requests an order finding that;

1) The JAYCEES violated the automatic stay by conducting an unlawful lockout,
2) The Debtor has been damaged and is entitled to reimbursement for actual damages in an amount to be proven at the August 13, 2025 evidentiary hearing for this second set of violations of the automatic stay,
3) The Debtor is entitled to an award of attorney fees and costs, and,
4) For any other relief this Court deems appropriate.

Dated this 29th day of June 2025.

WILDE & ASSOCIATES, LLC.

　　_/s/ Gregory Wilde_____
Gregory L. Wilde, Esq.
Counsel for Debtor

<div style="text-align:center; margin-top: 50%;">

# EXHIBIT "1"

</div>

[Photograph of a torn yellow "WARNING – KEEP OUT" notice, Case #24C008342, indicating the premises have been sealed by a Las Vegas Justice Court Eviction Order. Signed by Deputy Constable Longo 958, address 5805 W Harmon #305, Office of the Ex Officio Constable, 301 E. Clark Ave, Las Vegas, NV 89101, (702) 455-40--.]